BENJAMIN ROBERT FLYNN, MPA, M.Ed.
1111 N. 64th Street, Unit 9
Mesa, AZ, 85205
480-343-1917
brflynnn@gmail.com
*Plaintiff in Pro se*

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 7 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

BENJAMIN R. FLYNN, an individual;

        Plaintiff ,

        vs.

DBG Powerwash LLC, an Arizona
limited liability company; Adam Cole and
DOES and ROES I-V Inclusive.

        Defendants**.**

Case No.:  CV-25-426-PHX-JJT

**PLAINTIFF'S COMPLAINT
AGAINST DEFENDANTS
FOR DAMAGES**

**JURY TRIAL DEMAND**
[FRCP 38]

NOW INTO COURT comes Benjamin Robert Flynn ("Plaintiff") in *pro se* hereby submits his *"Plaintiff's Civil Complaint Against Defendants For Damages"* to the United States District Court of Arizona for the underlying claims and requests for relief against the above- named Defendants.

## I.    INTRODUCTION

1. This is an action brought under the **Fair Labor Standards Act (29 U.S.C. § 201 et seq.)** and related state law claims for unpaid overtime wages, failure to provide workers' compensation benefits, bad faith failure to pay wages, breach of contract, unjust enrichment, and retaliatory discharge.

2. Plaintiff seeks back pay, liquidated damages, treble damages under Arizona law, compensatory damages, punitive damages, and injunctive relief to remedy the violations of federal and state labor laws by Defendant DBG Powerwash LLC ("DBG").

## II.    JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to **29 U.S.C. § 216(b)** and **28 U.S.C. § 1331**, as this action arises under the Fair Labor Standards Act (FLSA).

4.  The Court has *supplemental jurisdiction* over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367** because they arise from a common set of facts.

5.  Venue is proper in this Court under **28 U.S.C. § 1391(b)** because Defendant operates in the District of Arizona, and the events giving rise to this action occurred in this district.

## III.    PARTIES

6.  **Plaintiff**: Benjamin Flynn is a resident of Arizona and a former employee of DBG Powerwash LLC, employed from February 2020 to November 2024.

7.  **Defendant**: DBG Powerwash LLC is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

8.  **Defendant**: Adam Cole is a resident of Arizona and a principal employer of DBG doing business in Maricopa County, Arizona.

9.  **DOES 1-5**: The true names and capacities of the Defendants designated as DOES and ROES 1-5 are unknown to Plaintiff. Plaintiff will amend the Complaint to allege their true names when they are ascertained.

## IV.    FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant as a power washing technician, day port division manager, supervisor, and substitute day porter and supervisor from February 2020 to November 2024.

11. Plaintiff was regularly required to work 7 days per week, averaging more than 40 hours per week, without receiving overtime pay.

12. Plaintiff's duties included physically demanding labor, such as power washing, maintenance, and cleaning, in addition to managerial and supervisory tasks.

13. Despite Plaintiff's actual duties, Defendant classified Plaintiff as an exempt employee under the FLSA.

14. Plaintiff suffered an on-the-job injury due to the physically demanding nature of his work but was denied workers' compensation benefits.

15. Defendant failed to maintain proper payroll records in compliance with the FLSA and Arizona wage laws.

16. When Plaintiff raised concerns such as shortage of employees, unpaid wages and workers' compensation, Defendant retaliated by constructive ploy to terminate comprised of denying overtime pay, forcing excessive work days and hours of over obligations ultimately resulting in wrongful terminating Plaintiff's employment.

17. Plaintiff is owed damages of more than $100,000 (1750 hrs @$60 phr for overtime worked during *February 2023-August 2024.)*

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages**
**(Fair Labor Standards Act, 29 U.S.C. § 207)**
(Against All Defendants)

18. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

19. Under **29 U.S.C. § 207(a)(1)**, Defendant was required to pay Plaintiff overtime compensation at a rate of 1.5 times his regular hourly rate for all hours worked over 40 in a workweek.

20. Plaintiff regularly worked in excess of 40 hours per week but was not paid overtime wages.

21. Defendant misclassified Plaintiff as an exempt employee despite his non-exempt job duties.

22. Defendant's failure to pay overtime wages under federal law constitutes a violation of the Fair Labor Standards Act (FLSA).

23. Under **A.R.S. § 23-363** (Arizona's Minimum Wage Act), Plaintiff is entitled to overtime compensation for hours worked beyond 40 hours per week.

24. Defendant's failure to pay overtime also constitutes a violation of Arizona wage laws, entitling Plaintiff to back wages, treble damages under **A.R.S. § 23-355**, and other relief.

25. Defendant's violations of both federal and state wage laws were willful and deliberate, entitling Plaintiff to liquidated damages under federal law and treble damages under state law.

26. That Plaintiff Flynn is entitled to back pay for unpaid overtime under federal and state law, liquidated damages under **29 U.S.C. § 216(b)**, treble damages under **A.R.S. § 23-355**, attorney's fees, and costs.

## SECOND CAUSE OF ACTION

**Failure to Provide Workers' Compensation Benefits**
**(A.R.S. § 23-908)**
(Against All Defendants)

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Under Arizona law, employers are required to provide workers' compensation benefits for job-related injuries.

29. The plaintiff sustained multiple injuries while performing his job duties, but Defendant failed to recognize and report the injuries and denied Plaintiff benefits.

30. Defendant's failure to provide workers' compensation benefits was intentional and in violation of Arizona law.

COMPLAINT
5

31. That Plaintiff Flynn is entitled to workers' compensation benefits, medical expenses, penalties, and attorney's fees.

## THIRD CAUSE OF ACTION

### Retaliatory Discharge
### (A.R.S. § 23-1501)
(Against All Defendants)

32. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

33. Under **A.R.S. § 23-1501(3)(c)**, an employer may be liable for wrongful termination when the termination violates a public policy, such as retaliation for asserting statutory rights, including claims for wages and workers' compensation benefits.

34. Plaintiff raised concerns about Defendant's failure to pay overtime wages and sought workers' compensation benefits for injuries sustained on the job.

35. Defendant, in retaliation against Plaintiff's lawful exercise of these rights, reduced Plaintiff's hours, created a hostile work environment, and ultimately terminated his employment.

36. Defendant's actions constitute retaliatory discharge in violation of **A.R.S. § 23-1501** and the public policy of Arizona, which protects employees from retaliation for asserting statutory rights.

COMPLAINT
6

37. The Arizona courts have long held that retaliation claims can arise when an employer terminates an employee in bad faith after the employee seeks lawful protections. (*Murcott v. Best Western Int'l, Inc.*, 198 Ariz. 349, 9 P.3d 1088 (Ct. App. 2000)).

38. Defendant's retaliatory conduct was willful and malicious, warranting the imposition of punitive damages under **A.R.S. § 12-820.04**.

39. Defendant's actions caused Plaintiff to suffer significant economic harm, emotional distress, and damage to his professional reputation.

40. That Plaintiff Flynn is entitled to compensatory damages for lost wages, emotional distress damages, and reputational harm; punitive damages under **A.R.S. § 12-820.04**; attorney's fees; and any additional relief the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Bad Faith Failure to Pay Wages**
**(A.R.S. § 23-355)**
(Against All Defendants)

41. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

42. Under **A.R.S. § 23-355**, any employer who fails to pay wages owed to an employee without a good faith reason may be liable for **treble damages**. The statute is designed to deter employers from willfully or negligently withholding payment for labor performed.

43. Defendant DBG failed to pay Plaintiff Flynn overtime compensation and regular wages as required under federal law (**Fair Labor Standards Act, 29 U.S.C. § 207**) and Arizona state law (**A.R.S. § 23-363**).

44. Defendant DBG intentionally misclassified Plaintiff Flynn as an exempt employee to avoid paying overtime wages and acted without any legitimate justification when failing to comply with wage payment obligations.

45. Defendant's bad faith is further demonstrated by:

- Failing to provide wage statements or maintain accurate time records as required by federal and state laws;

- Ignoring Plaintiff's repeated demands for unpaid wages and overtime;

- Acting with deliberate indifference to Plaintiff's legal rights to compensation.

46. That the court recognize that Plaintiff Flynn is entitled to treble damages under **A.R.S. § 23-355** apply when an employer willfully withholds wages without a reasonable basis. In *Schade v. Diethrich*, 158 Ariz. 1, 760 P.2d 1050 (1988), the court emphasized that intentional and unjustified wage withholding constitutes bad faith.

47. In *Crabtree v. Angie's List, Inc.*, 583 F. Supp. 2d 1264 (D. Ariz. 2008), the court ruled that an employer's refusal to compensate an employee without sufficient justification warrants enhanced damages under state law.

48. Defendant's refusal to compensate Plaintiff has caused him severe financial hardship, emotional distress, and damages related to his inability to meet basic living expenses due to the withheld wages.

49. Defendant's conduct was willful, malicious, and done in bad faith, entitling Plaintiff to recover **treble damages** under **A.R.S. § 23-355**, in addition to reasonable attorney's fees and costs.

50. That Plaintiff Flynn is entitled to Back pay for unpaid wages and overtime;

Treble damages under **A.R.S. § 23-355**; Attorney's fees and costs under **A.R.S. § 12-341.01**; Such other relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION

**Breach of Contract**
(Against All Defendants)

51. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

52. Plaintiff entered into an employment agreement with Defendant DBG, either express or implied, whereby Plaintiff Flynn agreed to perform services as a power washing technician, day port manager, substitute manager / day porter and supervisor in exchange for wages and overtime compensation.

53. Under Arizona law, a contract is formed when there is an offer, acceptance, and consideration. Plaintiff provided labor and services, and Defendant agreed to compensate him for that labor at an agreed rate.

54. Defendant breached this agreement by failing to pay Plaintiff wages and overtime compensation as required by the terms of the agreement and applicable state and federal laws, including **29 U.S.C. § 207** (FLSA) and **A.R.S. § 23-363**.

55. Defendants' agreement(s) with Plaintiff are enforceable. In *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985), the Arizona Supreme Court recognized that employment agreements, whether express or implied, are enforceable under Arizona contract law and may include terms regarding wage payment obligations.

56. Defendant failed to adhere to the agreed-upon compensation structure and misclassified Plaintiff as an exempt employee, thereby unlawfully avoiding payment of overtime wages in violation of the contractual agreement.

57. Defendant's breach of the employment contract was willful and in bad faith, as evidenced by its continued refusal to pay despite repeated demands from Plaintiff.

58. Arizona law provides for Plaintiff Flynn's recovery of treble damages when DBG's failure to pay wages is in bad faith. Under **A.R.S. § 23-355**, any employer who, in bad faith, withholds wages due is liable for treble the amount of unpaid wages.

59. In *Pineda v. Kel-Tech Constr., Inc.*, 198 Ariz. 41, 6 P.3d 105 (Ct. App. 2000), the court held that treble damages under **A.R.S. § 23-355** apply when an employer breaches its duty to pay agreed-upon wages without legitimate justification.

60. As a result of Defendant's breach of contract, Plaintiff suffered significant economic damages, including lost wages, overtime, and associated benefits.

61. Defendant's failure to pay Plaintiff constitutes a material breach of the employment agreement, entitling Plaintiff to recover damages, including treble damages and attorney's fees under **A.R.S. § 12-341.01**.

62. Plaintiff Flynn is entitled to Compensatory damages for unpaid wages and overtime; Treble damages under **A.R.S. § 23-355**;Attorney's fees and costs under **A.R.S. § 12-341.01**; Pre- and post-judgment interest; Such other relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION

**Unjust Enrichment**
(Against All Defendants)

63. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

64. Defendant DBG received substantial benefits from Plaintiff's labor and services, including but not limited to work performed as a power washing technician and supervisor, day porter when staffing was low (nearly continuous throughout employment), and a manager without providing Plaintiff with the agreed-upon wages and overtime compensation.

65. Defendant DBG is unjustly enriched but for Plaintiff Flynn's uncompensated labor and services. Under Arizona law, unjust enrichment occurs when one party unjustly retains

a benefit conferred upon them by another, and equity demands restitution. In *Trustmark Ins. Co. v. Bank One, Ariz.*, **NA**, 202 Ariz. 535, 48 P.3d 485 (Ct. App. 2002), the court established that when a party receives a benefit and retains it without providing compensation, restitution is warranted.

66. Defendant's failure to compensate Plaintiff resulted in Defendant unjustly enriching itself through cost savings at Plaintiff's expense.

67. Defendant knowingly accepted and retained the benefit of Plaintiff's work under circumstances where compensation was required, creating an inequitable situation that demands restitution.

68. Defendant's failure to pay wages and overtime compensation was willful and in bad faith, as demonstrated by its misclassification of Plaintiff as an exempt employee and its refusal to rectify the compensation owed despite Plaintiff's repeated demands.

69. Pursuant to **A.R.S. § 23-355**, an employer who withholds wages in bad faith is liable for treble damages. Plaintiff is entitled to recover three times the amount of the wages unjustly withheld by Defendant.

70. Defendant's actions were also willful, malicious, and conducted with reckless disregard for Plaintiff's rights, justifying an award of punitive damages under Arizona law and general federal equitable principles. See *Rawlings v. Apodaca*, 151 Ariz. 149,

726 P.2d 565 (1986) (punitive damages may be awarded in cases of malicious or oppressive conduct).

71. Plaintiff has suffered economic harm and emotional distress due to Defendant's unjust enrichment and bad-faith conduct.

72. Plaintiff Flynn is entitled to Restitution of wages and overtime compensation owed; Treble damages under **A.R.S. § 23-355**; Punitive damages for willful and malicious conduct; Compensatory damages for emotional distress and financial harm; Attorney's fees and costs under **A.R.S. § 12-341.01**; Pre- and post-judgment interest; Such other relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Back pay for unpaid wages and overtime;

2. Liquidated damages under 29 U.S.C. § 216(b);

3. Treble damages under A.R.S. § 23-355;

4. Workers' compensation benefits and penalties;

5. Compensatory and punitive damages;

6. Attorney's fees and costs; and

7. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

Dated the 31st day of January 2025.

Respectfully Submitted,

/s/ Benjamin R. Flynn/s/
Benjamin Robert Flynn, *Plaintiff*, *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this **of**                , **2025**, a copy of the foregoing **Complaint** was served on the following parties via **[specify method of service, such as U.S. Mail, certified mail, or electronic filing if e-filing applies]**:

**Defendant:**

DBG Powerwash LLC
c/o Timothy Coons, Esq.
2222 S Dobson Rd #1104, Mesa, AZ 85202
(480) 536-6122
tcoons@counxel.com

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** [      ]

**Location:** Phoenix, AZ
**Signature:**    /s/ Benjamin R. Flynn/s/
Benjamin Robert Flynn, *Plaintiff*, *Pro se*